Matter of Harris v Harris-Olayinka (2020 NY Slip Op 01504)





Matter of Harris v Harris-Olayinka


2020 NY Slip Op 01504


Decided on March 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
SHERI S. ROMAN
JEFFREY A. COHEN, JJ.


2019-05708 
2019-05709
2019-05710
 (Docket Nos. O-17920-18, O-17925-18, O-17933-18)

[*1]In the Matter of Geoffrey Harris, appellant,
v
Verda Harris-Olayinka, respondent. (Proceeding No. 1.)
In the Matter of Geoffrey Harris, appellant,
v
Khalebo Harris, respondent. (Proceeding No. 2.)
In the Matter of Geoffrey Harris, appellant,
v
Khalim Harris, respondent. (Proceeding No. 3.)


Richard L. Herzfeld, New York, NY, for appellant.
Joseph A. Fredericks, North Bellmore, NY, for respondent Verda Harris-Olayinka.



DECISION & ORDER
In three related proceedings pursuant to Family Court Act article 8, the petitioner appeals from three orders of the Family Court, Queens County (Jane A. McGrady, Ct. Atty. Ref.), all dated April 8, 2019. The orders, after a fact-finding hearing, in effect, denied the family offense petitions and dismissed the proceedings with prejudice.
ORDERED that the orders are affirmed, without costs or disbursements.
On September 7, 2018, the petitioner filed three family offense petitions seeking orders of protection against his sister, his nephew, and his niece (hereinafter collectively the respondents), alleging that they had committed, inter alia, the family offense of harassment in the second degree. After a consolidated hearing, the Family Court determined that the petitioner failed to establish by a preponderance of the evidence that the respondents committed a family offense against the petitioner and, in effect, denied the petitions and dismissed the proceedings with prejudice.
In a family offense proceeding, the petitioner has the burden of establishing the offense by a fair preponderance of the evidence (see Family Ct Act § 832; Matter of Estime v Civil, 168 AD3d 936, 937; Matter of McGregor v Ferguson, 167 AD3d 897, 897). We agree with the Family Court that the evidence proffered in support of the petitions was insufficient to establish that the respondents committed the family offense of harassment in the second degree (see Matter of [*2]Sellers v Sellers-Boykin, 72 AD3d 832).
SCHEINKMAN, P.J., RIVERA, ROMAN and COHEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court